# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-10661-SVW-AS | Date | 3/2/2020 |
| Title | *Kianoosh Rahimi v. Crossroads Hospitality Company LLC et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING PLAINTIFF'S MOTION TO REMAND [12]

## I. Introduction

Plaintiff Kianoosh Rahimi ("Plaintiff") filed a motion to remand this case to California state Court on Jan. 15, 2020. For the reasons articulated below, this motion is DENIED.

## II. Factual and Procedural Background

Plaintiff initially filed this case in state court on Nov. 8, 2019, alleging thirteen causes of action under the California Labor Code, California's Fair Employment and Housing Act ("FEHA"), and California common law. Dkt. 1, Ex. A. On Nov. 18, 2019, Defendant Crossroads Hospitality Company, LLC ("Defendant") removed the case to federal court on the basis of diversity jurisdiction. Dkt. 1. Plaintiff has now filed a motion to both file an amended complaint and then remand this case to state court, on the basis that the amended complaint adds a California citizen, Defendant's manager Alfonso Torres ("Torres") whose joinder will destroy complete diversity. Dkt. 12.

Plaintiff's factual allegations state that he was employed as a bartender for Defendant from June 2016 until Feb. 28, 2019. Dkt. 1, Ex. A at 2. Plaintiff alleges that he suffered injuries while working for Defendant when a glass cabinet door fell on him. *Id.* at 3. Plaintiff then alleges that after the same glass cabinet door fell on him a second and third time and he reported this issue to management, they ignored him and began a campaign to terminate his employment. *Id.* Plaintiff also alleges Defendant failed to

pay overtime, provide meal periods and rest breaks required under state law, and subjected him to a hostile working environment. *Id.* at 4. Plaintiff also alleged that he had filed a discrimination complaint with the Department of Fair Employment and Housing and had received a "right to sue" letter. *Id.* at 4-5.

### III. Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires both that the amount in controversy exceed $75,000, and that complete diversity of citizenship exists between the parties. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### IV. Analysis

    a. ***Defendant has adequately established diversity of citizenship and that the amount in controversy exceeds $75,000.***

Plaintiff argues that because his state court complaint only alleged that he resides in California, not that he is domiciled in the state, Defendant's Notice of Removal fails to establish that Plaintiff is a citizen of California. Dkt. 12 at 9-10. Plaintiff's complaint alleges both residency in California and more than two years of employment at a Hilton Garden Inn in Los Angeles, both of which facially support Defendant's allegation that Plaintiff is a California citizen. Dkt. 1, Ex. A at 2-3. Plaintiff cites to *Kanter*, 265 F.3d 853 (9th Cir. 2001) in support of this assertion, but that case involved a notice of removal

where the defendant only alleged Plaintiff's *residency*, not domicile as required for diversity jurisdiction analysis. *Id.* at 857.

Here, Defendants' Notice of Removal does affirmatively allege that Plaintiff is a California citizen, and bases this conclusion on Plaintiff's allegation that he resides in California. Absent an actual dispute regarding the truth of this affirmative allegation (which Plaintiff has not made) Defendant's allegations are sufficient to establish diversity. *See Chavez v. Gen. Motors, LLC*, 2017 WL 4685011, at *2 (C.D. Cal. Oct. 18, 2017) (distinguishing *Kanter* on similar grounds); *Noriega v. Loews Hotel Holding Corp.*, 2019 WL 2296095, at *4 (S.D. Cal. May 30, 2019) (finding that "the weight of allegations in Plaintiff's Complaint plainly support a finding that Plaintiff is domiciled in California, and thus a citizen of California").

Ordinarily, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553, 190 L.Ed.2d 495 (2014). But if the plaintiff does contest that allegation, then the Court must find "*by the preponderance of the evidence*, that the amount in controversy exceeds" the jurisdictional threshold. *See* 28 U.S.C. § 1446(c)(2)(B) (emphasis added). In such cases, "*both sides submit proof* and the [district] court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. at 554 (emphasis added).

Plaintiff's Complaint includes a request for damages based on past and future earnings, emotional distress, punitive damages, and attorney's fees. Dkt. 1, Ex. A at 24-26. Defendants have presented unrebutted evidence establishing that damages based on past earnings given Plaintiff's prior work schedule and hourly rate would be roughly $15,000, and that any successful claim for future earnings could substantially increase that figure. *See* Dkt. 1 at 8; Dkt. 1-2 at 2. With regard to attorney's fees in workplace discrimination and wrongful termination cases, courts in the Central District have frequently determined that approximately $30,000 ($300/hr for 100 hours of work) is a reasonable approximation of likely attorney's fees for purposes of calculating amount-in-controversy totals in the remand context. *See Ponce v. Med. Eyeglass Ctr., Inc.*, 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015); *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *4 (C.D. Cal. Mar. 3, 2015). If Plaintiff then prevailed at trial and received damages for past and future wages and attorney's fees

: 

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-10661-SVW-AS | Date | 3/2/2020 |
| Title | *Kianoosh Rahimi v. Crossroads Hospitality Company LLC et al* | | |

($45,000 combined), even a moderate monetary award for emotional distress, future earnings, or punitive damages would exceed the amount-in-controversy required. The Court concludes that Defendants have met their burden to establish by a preponderance of the evidence that the amount-in-controversy exceeds $75,000.

> b. ***Plaintiff's motion to amend the complaint to add an individual defendant and remand the case is denied pursuant to the relevant factors for consideration under 28 U.S.C. § 1447(e).***

This Court agrees with the substantial weight of district court opinions in the Ninth Circuit choosing to analyze joinder or amendment of claims to add a non-diverse defendant under § 1447(e) as opposed to Rule 15's more permissive standard. *See Marroquin v. Target Corp.*, 2019 WL 2005793, at *4-5 (C.D. Cal. May 7, 2019) (collecting cases); *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014). This approach is appropriate because it permits courts to determine whether any amendment to add non-diverse defendants is intended to destroy diversity jurisdiction or otherwise thwart federal jurisdiction and allows courts to consider the full context of the attempted joinder of a non-diverse defendant. *See Marroquin*, 2019 WL 2005793, at *5.

Therefore, the Court analyzes this motion via consideration of the *Murphy* factors under 28 U.S.C. § 1447(e). *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015). These factors include:

1. Whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a)
2. Whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder;
3. Whether there has been unexplained delay in seeking the joinder;
4. Whether the joinder is solely for the purpose of defeating federal jurisdiction;
5. Whether the claim against the new party seems valid;
6. The possible prejudice that may result to any of the parties in the litigation;
7. The closeness of the relationship between the new and the old parties;
8. The effect of an amendment on the court's jurisdiction; and

    9.   The new party's notice of the pending action.

       Here, the most relevant factor for the purposes of this analysis is the validity of the claims added against proposed Defendant Alfonso Torres. Plaintiff's proposed Amended Complaint does little more than add "including but not limited to Alfonso Torres" to the factual allegations already in the Complaint. *See* Dkt. 12 at 3-5, 12-26. The only causes of action alleged against Torres are for discrimination, retaliation, failure to prevent discrimination, failure to accommodate, failure to engage in the interactive process of accommodation, and hostile work environment under the FEHA, as well as wrongful termination in violation of California's public policy. *Id.* at 12-26

       However, as Plaintiff appears to acknowledge, Dkt. 15 at 3-4, only Plaintiff's claim for hostile work environment may proceed against an individual under the FEHA. *See Reno v. Baird*, 957 P.2d 1333, 1347-1348 (1998) (wrongful discharge claims and discrimination claims under the FEHA cannot be brought against individuals who are not themselves employees); *Jones v. Lodge at Torrey Pines P'ship*, 177 P.3d 232 (2008) (individual supervisors not liable for retaliation); *Kennedy v. Kings Mosquito Abatement Dist.*, 2013 WL 3968150, at *4, *7 (E.D. Cal. July 31, 2013) (concluding that the logic of *Reno* and *Jones* extends to failure to accommodate claims under the FEHA); *Minor v. Fedex Office & Print Servs., Inc.*, 182 F. Supp. 3d 966, 985 (N.D. Cal. 2016) (same). On this basis, the Court concludes that only Plaintiff's hostile work environment claim could even plausibly be pled against Torres as an individual.

       But the proposed amended Complaint includes no factual allegations that would support such a claim. *See* Dkt. 12 at 17-44. Although individual supervisors can be liable for harassment, *Reno*, 957 P.2d at 1335-36, such a claim requires a "concerted pattern of harassment of a repeated, routine or a generalized nature" based on "actions outside the scope of job duties which are not of a type necessary to business and personnel management." *Id.* at 1336. Plaintiff has added no factual allegations in the proposed Amended Complaint that related to harassing conduct. The primary factual allegations regarding Torres relate to his failure to respond to complaints about unsafe working conditions, and Torres' involvement in a campaign to terminate Plaintiff's employment by reducing Plaintiff's working hours. *See* Dkt. 12 at 19-20, 37. These allegations are not sufficient to establish any likelihood of Torres' liability for a hostile work environment claim under the FEHA, because they do not allege any concerted pattern of harassment and depend on alleged actions within the scope of Torres' job duties as a manager,

                                                                                                             :

Initials of Preparer             PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-10661-SVW-AS | Date | 3/2/2020 |
| Title | *Kianoosh Rahimi v. Crossroads Hospitality Company LLC et al* | | |

because they concern a reduction in Plaintiff's working hours. Cases permitting individual claims against supervisors for hostile work environment under the FEHA have involved specific factual allegations of continuing misbehavior by the manager in question, rather than the conclusory assertions in Plaintiff's proposed amended Complaint. *See, e.g. Lutizetti v. New Albertson's Inc.*, 2012 WL 273757, at *5 (C.D. Cal. Jan. 30, 2012) (concluding that "remand was warranted when a plaintiff included a variety of factual allegations supporting her assertion that "[supervisor] sent the clear, demeaning message that work-related injuries and workers' compensation claims would be dealt with harshly ... result[ing] in a hostile work environment").

Without factual allegations that establish any plausible likelihood that Torres is liable to Plaintiff in an individual capacity, other *Murphy* factors such as prejudice and consideration of the statute of limitations become irrelevant because there is no indication that Plaintiff has a viable claim against Torres that would be prejudiced. Additionally, Plaintiff's attempt to seek remand on the basis of the inclusion of a new individual defendant after removal, without additional factual allegations that clearly establish the viability of a claim against that defendant, leads this Court to conclude that there is a substantial likelihood the proposed joinder was intended to defeat federal jurisdiction. On this basis, the Court concludes that the *Murphy* factors relevant to 28 U.S.C. § 1447(e) require this Court to exercise its discretion to deny joinder via the proposed amendment to the complaint.

## V. Conclusion

Plaintiff's motion to remand and motion to file an amended complaint are DENIED. The Court sets a jury trial in this case for July 14th, 2020 at 9:00 a.m., with a pretrial conference scheduled for July 6th, 2020 at 3:00 p.m.

                                                                                                                    :

Initials of Preparer      PMC